UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT LOMACK,<br><br>    Plaintiff,<br><br>    v.<br><br>J. R. BENEFIELD, et al.,<br><br>    Defendants. | Case No. 16-03140 EJD (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br><br>(Docket No. 13) |

    Plaintiff, a California inmate, filed a pro se civil rights complaints under 42 U.S.C. § 1983 against officials at Salinas Valley State Prison ("SVSP") where he was previously incarcerated. The Court found the complaint, liberally construed, stated cognizable claims and ordered service of the complaint on Defendants.[1] (Docket No. 11.) Defendants Hopkins and Benefield filed a motion for summary judgment asserting that Plaintiff failed to exhaust administrative remedies, they are entitled to qualified immunity, and there is no evidence that Defendant Hopkins personally deprived Plaintiff of a constitutional right. (Docket No. 13, hereafter "Mot.".) Plaintiff did not file an opposition although given an opportunity to do so.

---

[1] The Court dismissed the medical claim against Defendant "L.V.N. Mike" for failure to state a claim, and dismissed Defendant Mike from this action. (Docket No. 5 at 2-3.)

**DISCUSSION**

**I.     Statement of Facts and Claims**

The following facts as presented by Defendants in their motion are undisputed as Plaintiff has filed no opposition.

On March 17, 2016, a prison-riot occurred at SVSP involving 18 inmates. Plaintiff claims that during this riot, Defendant J. Benefield threw a "bomb" directly at him. (Compl. at 3.) According to Defendant Benefield's report concerning the riot, he observed inmates continue to riot despite numerous orders to stop fighting and prone-out (to lie face-down with arms and legs extended). (Compl. Attach. at 8.) Defendant Benefield gave several orders to stop fighting and prone-out, but the inmates continued to fight. (Id.) Defendant Benefield observed an inmate knock another inmate, Inmate Letele,[2] to the ground. (Id.) Inmate Letele was on the ground face-down, with his arms over his head, and unable to defend himself from attack. (Id.) Then Plaintiff and two other inmates began striking and kicking Inmate Letele in the head and torso. (Id.) Inmate Letele was not defending himself from this attack. (Id.) To prevent further injury, Defendant Benefield released an "OC Blast" (pepper-spray grenade) to stop the attack; Plaintiff and the other inmates stopped attacking Inmate Letele and proned-out. (Id.) According to Defendant Hopkin's report, inmate Letele sustained a swollen forehead, slashes to his right cheek, and slashes to the back of his head, but Plaintiff and the other two inmates sustained no injuries during the riot. (Id. at 1.) Staff confiscated two inmate-manufactured weapons. (Id.) With respect to decontamination, the report indicated that all involved inmates were offered cool running water from the mini yard shower but they refused. (Id.)

In the complaint, Plaintiff claims that after this incident, he was not afforded an opportunity to decontaminate, and that medical staff did not explain the "importance and

---

[2] Although Defendants refer to this inmate as "Latele" in their motion, the relevant documents spell his name as "Letele." (Compl. Attach. at 1; Lomeli Decl., Ex. B.) The Court will adhere to the spelling of the name as "Letele" from the original reports of this incident.

2

encourage[]" Plaintiff to do so. (Compl. at 3.) Plaintiff claims that Defendant Lt. B. Hopkins is liable for "signing off on the use of force." (Id.) The Court found that liberally construed, the complaint stated a cognizable claim of excessive force and deliberate indifference to inmate's suffering. (Docket No. 5 at 2.)

Plaintiff states in his complaint that the appeal was partially granted at the second level. (Compl. at 2.) The second level response stated that the "appeal inquiry was completed and all issues were adequately addressed," (Compl. Attach. at 10), which Plaintiff understood as "them admitting some wrong doing." (Id.) The complaint indicates that Plaintiff did not submit the matter to the "highest level of appeal available." (Compl. at 2.)

## II. **Summary Judgment**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Cattret*t*, 477 U.S. 317, 322-23 (1986). A fact is material if it might affect the outcome of the lawsuit under governing law, and a dispute about such a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Generally, the moving party bears the initial burden of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323. Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the

3

burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id. at 325. If the evidence in opposition to the motion is merely colorable, or is not significantly probative, summary judgment may be granted. See Liberty Lobby, 477 U.S. at 249-50.

The burden then shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324 (citations omitted). If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." Id. at 323.

The Court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a material fact. See T.W. Elec. Serv., Inc. V. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). The evidence must be viewed in the light most favorable to the nonmoving party, and the inferences to be drawn from the facts must be viewed in a light most favorable to the nonmoving party. See id. at 631. It is not the task of the district court to scour the record in search of a genuine issue of triable fact. Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying with reasonable particularity the evidence that precludes summary judgment. Id. If the nonmoving party fails to do so, the district court may properly grant summary judgment in favor of the moving party. See id.; see, e.g., Carmen v. San Francisco Unified School District, 237 F.3d 1026, 1028-29 (9th Cir. 2001).

### A. Exhaustion

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the

4

discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 84 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." Id. Even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies. Id. at 85-86 (citing Booth, 532 U.S. at 734). The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. Id. at 93.

The California Department of Corrections and Rehabilitation ("CDCR") provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. See id. § 3084.1(e). Under the current regulations, in order to exhaust available administrative remedies within this system, a prisoner must submit his complaint on CDCR Form 602 (referred to as a "602") and proceed through three levels of appeal: (1) first formal level appeal filed with one of the institution's appeal coordinators, (2) second formal level appeal filed with the institution head or designee, and (3) third formal level appeal filed with the CDCR director or designee. Id. § 3084.7.

Nonexhaustion under § 1997e(a) is an affirmative defense. Jones v. Bock, 549 U.S. 199, 211 (2007). Defendants have the burden of raising and proving the absence of exhaustion, and inmates are not required to specifically plead or demonstrate exhaustion in their complaints. Id. at 215-17. In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). Otherwise, defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Id. If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to

exhaust, a defendant is entitled to summary judgment under Rule 56. Id. at 1166. But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. Id.

The defendant's burden is to prove that there was an available administrative remedy and that the prisoner did not exhaust that available administrative remedy. Id. at 1172; see id. at 1176 (reversing district court's grant of summary judgment to defendants on issue of exhaustion because defendants did not carry their initial burden of proving their affirmative defense that there was an available administrative remedy that prisoner plaintiff failed to exhaust); see also Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005) (as there can be no absence of exhaustion unless some relief remains available, movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting results of relief already granted as result of that process). Once the defendant has carried that burden, the prisoner has the burden of production. Albino, 747 F.3d at 1172. That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. Id. But as required by Jones, the ultimate burden of proof remains with the defendant. Id.

Defendants assert that Plaintiff submitted no inmate appeal to the third level of review concerning the use of excessive force during the riot on March 17, 2016. (Mot. at 5.) According to the Office of Appeals, Plaintiff submitted two inmate appeals that were accepted by, and received a decision from, the third level of review: (1) No. NKSP 12-00698, which was a group appeal that complained about disciplinary detention practices at Kern Valley State Prison; and (2) No. SVSP 15-00917, which was a group appeal complaining that SVSP did not provide inmates with enough hours of outdoor exercise. (Voong Decl. ¶¶ 5-8, Exs. A-C.) Neither of these appeals involved any claim related to the alleged use of excessive force by Defendants Hopkins or Benefield. (Id.)

With the complaint, Plaintiff submitted a copy of inmate appeal No. SVSP 16-

6

01845, purportedly to show that he had exhausted his claims. (Compl. at 2, Attach. at 3-6.) Plaintiff asserts that the appeal was partially granted at the second level, and he believed that it adequately addressed all his issues. (Id.) However, Defendants assert that this appeal was rejected at the third level of review, and Plaintiff was advised that he needed to submit the appeal with all the necessary documents in compliance with the regulations. (Voong Decl., Ex. D.) Plaintiff failed to do so. Plaintiff also admits in the complaint that he did not submit the matter to the "highest level of appeal available." See supra at 3.

Plaintiff appears to assert in the complaint that he believed that since the appeal was partially granted at the second level, he had received all the relief he requested and thereby satisfied the exhaustion requirement. (Compl. at 2.) A prisoner need not exhaust further levels of review if he has either received all the remedies that are "available" at an intermediate level of review, or has been reliably informed by an administrator that no more remedies are available. Brown, 422 F.3d at 935. However, neither of these circumstances applies to Plaintiff's case. In fact, Plaintiff did not receive the relief sought because the second appeal decision informed him that "the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process." (Compl. Attach. at 10-11.) Furthermore, rather than being informed that no more remedies were available, the second level decision included the following instructions:

> "If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted."

(Compl. Attach. at 10-11.) Plaintiff was clearly informed in this second level of review decision that further administrative remedies were available to him by means of a final appeal to the third level of review, and that he must submit his appeal through all levels of review in order to exhaust administrative remedies. (Id.) Accordingly, it cannot be said

7

that Plaintiff exhausted all available administrative remedies with respect to any claims, either excessive force or deliberate indifference, as presented in appeal No. SVSP-L-16-1845. See Woodford, 548 U.S. at 84.

Furthermore, Defendants assert that even had inmate appeal No. SVSP-L-16-1845 been properly submitted through the third level of review, it would not have sufficed to exhaust the excessive force claim raised in the instant action. Defendants point out that California regulations state that an appeal must list all staff members involved and shall describe their involvement in the issue. Cal. Code Regs. Tit. 15, § 3084.3(d). More specifically, the regulations require that the appeal include the staff member's last name, first initial, title, or position, if known. Id. at § 3084.2(a)(3). Plaintiff failed to comply with these requirements because appeal No. SVSP-L-16-1845 does not identify Defendant Benefield by name, title, or position. (Compl. Attach. at 10-11.) The Court agrees. Nowhere in the appeal does Plaintiff allege excessive force by any officer. Rather, Plaintiff specifically complains of the lack of water after the "incident" on March 17, 2016, and alleges that Defendant Hopkins made a false statement in the report in this regard. (Id.) The action requested by Plaintiff was that a document be created stating that he was never given a chance to decontaminate nor asked, and that the document be placed in Defendant Hopkins file. (Id.) Accordingly, it cannot be said that this appeal would have sufficed to properly exhaust any claim against Defendant Benefield who is not mentioned anywhere in the appeal or any claim of excessive force as no such claim was alleged.

Based on the foregoing, the Court finds that Defendants have met their burden of producing evidence showing that Plaintiff failed to exhaust his administrative remedies with respect to the claims against them. Albino, 747 F.3d at 1166. Having filed no opposition, Plaintiff has failed to come forward with evidence showing that existing and generally available administrative remedies were effectively unavailable to him. Id. at 1172. Accordingly, Defendants are entitled to summary judgment under Rule 56. Id. at 1166.

8

## CONCLUSION

For the reasons stated above, Defendants Benefield and Hopkin's motion for summary judgment, (Docket No. 13), is **GRANTED**.[3] The claims against them are **DISMISSED** for failure to exhaust administrative remedies.

This order terminates Docket No. 13.

**IT IS SO ORDERED.**

Dated: 8/31/2017

EDWARD J. DAVILA
United States District Judge

Order Granting MSJ
PRO-SE\EJD\CR.16\03140Lomack_grant.msj

---

[3] Accordingly, the Court need not address the remainder of Defendants' arguments regarding the viability of the excessive force claim at this time.